UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS ROMEO HERRERA VELASQUEZ,

Petitioner,

v.

Case No. 2:26-cv-2775-KCD-NPM

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.
_______________________________/

**ORDER**

Petitioner Carlos Romeo Herrera Velasquez has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement ("ICE"). (Doc. 1.) He claims that the Attorney General is holding him in violation of the Immigration and Nationality Act ("INA") and the Fourth and Fifth Amendments. (*Id.* at 7-9.) Respondents oppose the petition. (Doc. 5.)

Respondents concede that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a). (Doc. 5 at 3.) Nevertheless, they argue that the petition should be denied because Petitioner did not exhaust his administrative remedies by seeking review of ICE's custody determination before an immigration judge. (*Id.* at 4.) The Court agrees.

A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Because Velasquez has not requested a bond hearing before an immigration judge, the request for a bond hearing with this Court in the first instance is denied. *See Angel Josue Limon Campos, Petitioner, v. Warden, N. Fla. Det. Facility, et al.*, No. 3:26-cv-2032-JEP-PDB, 2026 WL 2965334 (M.D. Fla. Oct. 2, 2026).

The Court previously excused an alien's failure to exhaust due to the recency of the Eleventh Circuit's decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026), which concluded that aliens detained within the interior of the United States are entitled to a bond hearing under § 1226. *See, e.g.*, *Pina v. Warden, S. Fla. Det. Facility*, No. 2:26-cv-1879-KCD-KRH, 2026 WL 1871903, n.1 (M.D. Fla. June 20, 2026). But it has now been nearly six months since the Eleventh Circuit's decision, and the BIA "is obliged to apply the precedent of the relevant court of appeals in cases arising within the associated circuit—even if the Attorney General or the BIA itself disagrees with that precedent." *Garcia v. Garland*, 73 F.4th 219, 230 n.7 (4th Cir. 2023); *see also Stevens v. Osuna*, 877 F.3d 1293, 1303 (11th Cir. 2017) ("Immigration Judges are also bound both by agency precedent and by precedent established by the federal appellate courts." (citation omitted)).

Here, Respondents expressly concede that Petitioner is being detained pursuant to § 1226. (Doc. 5 at 1.) Thus, if he desires a bond hearing before an immigration judge, he may request one orally or in writing to the immigration court. *See* 8 C.F.R. § 1003.19(b), (c). He may then appeal the immigration judge's decision to the BIA. *See id.* §§ 1003.1(b)(7), 1003.19(f).

The Court won't consider Petitioner's Fourth Amendment claim regarding his warrantless arrest in a habeas proceeding. *See Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *see also Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016).

Finally, Petitioner argues that he is entitled to release because his detention has become unconstitutionally prolonged. *See Zadvydas v. Davis*, 533 U.S. 678 (2001) (reading 8 U.S.C. § 1231 to authorize continued detention of an alien for six months following an order of removal). But § 1231 does not apply here because Petitioner does not have a final removal order. (*See* Doc. 5 at 4.) And in any event, Petitioner has not been detained long enough to trigger a due process violation. His "detention will not be indefinite, but rather will have a definite termination point when [his] immigration proceeding concludes." *Camargo v. Warden*, No. 0:26-CV-62130, 2026 WL 2723424, at *3

(S.D. Fla. Aug. 26, 2026). Petitioner "has received a bond hearing, and [he] has not been detained for a year. [His] detention does not violate [his] right to substantive due process." *Id.*

Petitioner has not established that his current detention is unlawful. Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for Petitioner's failure to exhaust. The Clerk of Court is **DIRECTED** to enter judgment, deny any pending motions as moot, and close this case.

**ORDERED** in Fort Myers, Florida on October 28, 2026.

Kyle C. Dudek
United States District Judge